```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**IVAN H. LEE, II,**

      **Plaintiff**

v.                                              Civil Action No. 2:08-0289

**BOBBY YEAGER, in his individual capacity as a Police Officer for the City of South Charleston; D.J. PAULEY, in his individual capacity as a Police Officer for the City of South Charleston; and JOHN DOE, JOHN NOE, and JOHN ROE, Police Officers of the City of South Charleston, whose true names are unknown,**

      **Defendants**

## MEMORANDUM OPINION AND ORDER

**Pending is the defendants' Supplemental Motion for Summary Judgment filed October 7, 2009, to which the plaintiff filed his response on October 16, 2009, followed by defendants' reply on October 23, 2009.**

**The defendants' supplemental motion is untimely in that the parties were directed by the court's order of May 6, 2009, which granted their joint request for an extension of an additional 120 days for completion of discovery, to file and serve by July 8, 2009, any "amendments to the briefing on the**

defendants' motion for summary judgment filed on March 6, 2009, together with depositions, admissions, documents, affidavits, or other such matter in support thereof."  The court ruled on the defendants' motion for summary judgment on August 28, 2009.  The defendants in their supplemental motion request the court to consider the depositions of two of the party defendants, Robert Yeager and D. J. Pauley, that were taken at the instance of the plaintiff on September 2, 2009.  The defendants contend that they would be prejudiced if the court failed to consider their deposition testimony.  If so, the prejudice is self-inflicted inasmuch as the defendants Yeager and Pauley were plainly able to produce their version of events, in either testimonial or affidavit form, at the time their motion for summary judgment was filed on March 6, 2009, and surely by the extended deadline fixed by the court of July 8, 2009.

Nevertheless, the court finds that consideration of the issues addressed in the supplemental motion and the supporting and responding briefs will, to some extent, narrow the issues for resolution at trial.  Accordingly, the court makes the observations and rulings that follow.  The court does not restate the factual development found in its memorandum opinion and order of August 28, 2009.

2

I.

As set forth in that order, the plaintiff, Ivan Lee, has testified that the traffic stop of his vehicle was made by defendant Pauley alone, that he was ordered out of the vehicle and twice searched by Pauley, and that the next two officers who came upon the scene did not arrive until Lee was being frisk-searched by Pauley who would later conduct the second and more intrusive search related by Lee.  Based, inter alia, on the depositions of Yeager and Pauley it is undisputed that Pauley made the traffic stop alone, that the two officers next to arrive were defendant Yeager and Officer Grey, and that once Yeager and Grey arrived they had no part in either the first or second search of Lee.  (Pauley Dep. 19:19-24, 23:9-15, Sept. 2, 2009; Yeager Dep. 33:17-34:1, 35:1-3, 40:3-6, 41:14-18, Sept. 2, 2009).  Rather, Pauley directed them to search the stopped vehicle for drugs because his canine had alerted on the vehicle.  (Pauley Dep. 23:9-15; Yeager Dep. 45:6-9).  Following their search of the car, which revealed nothing, Yeager and Grey appear to have merely directed traffic and then left the scene when the stop was concluded.  (Pauley Dep. 24:23-24; Yeager Dep. 45:13-21, 46:10-13).

Inasmuch as defendant Yeager had no part in either of

the searches claimed by Lee to have taken place on his person, both of which searches form the basis of Lee's claims as noted in the order of August 28, 2009, the court directs that defendant Yeager be dismissed from this action.

As to defendant Pauley, the two depositions simply serve to dispute, but by no means resolve, Lee's claims against Pauley arising out of the two searches related by Lee. Genuine issues of material fact remain.

II.

Defendants also assert, for the first time, that plaintiff's state law claim of false arrest must be dismissed because it is barred by the statute of limitations. (Def.'s Mem. Supp. Mot. Summ. Jgt. 18). The false arrest claim is governed by the one year statute of limitations set forth in West Virginia Code § 55-2-12(c). See <u>Wilt v. State Auto Mut. Ins. Co.</u>, 203 W.Va. 165, 506 S.E.2d 608, 613 (W. Va. 1998). Inasmuch as plaintiff's traffic stop occurred on May 5, 2006, and he instituted this action just shy of two years later, on May 2, 2008, plaintiff's false arrest claim is time-barred by the statute of limitations.

**III.**

Finally, defendants now contend that defendant officers Doe, Noe, and Roe should be dismissed because plaintiff has failed to identify these individual defendants.  (Def.'s Mem. Supp. Mot. Summ. Jgt. 19).  Our court of appeals has held that the court may dismiss without prejudice unnamed parties whose identities are not revealed through discovery.  <u>Schiff v. Kennedy</u>, 691 F.2d 196, 198 (4th Cir. 1982).  Perhaps one of the unidentified defendants is Officer Thomas, who was the fourth and last officer to arrive at the scene, but he is not shown to have any actionable role in plaintiff's allegations.  Officer Grey was also present, but he was with Yeager and is similarly not shown to have any role in plaintiff's allegations.  There being no argument or evidence set forth supporting the involvement of any officer other than Pauley in the searches of which plaintiff complains, and there being no other identification advanced by plaintiff in over fifteen months of discovery, defendant officers Doe, Noe and Roe are dismissed without prejudice from this action.

IV.

It is, accordingly, ORDERED that defendants' supplemental motion for summary judgment be, and it hereby is, granted to the extent defendants seek the dismissal of (1) Lee's claims against defendant Yeager; (2) Lee's false arrest claim; and (3) Lee's claims against defendant officers Roe, Noe and Doe; and it is otherwise denied.

Inasmuch as no claims remain pending against defendants Roe, Noe and Doe, it is ORDERED that they be, and they hereby are, dismissed from this action without prejudice.

It is further ORDERED that defendant Yeager be, and he hereby is, dismissed from this action with prejudice.

It is further ORDERED that Lee's false arrest claim be, and it hereby is, dismissed.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: October 28, 2009

_____
John T. Copenhaver, Jr.
United States District Judge